**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| **PHILLIP TOTHEROW,** ) | |
|     **Plaintiff,** ) | |
|     v. ) | CIV 07-02218 PHX PGR (MEA) |
| **DORA SCHRIRO, et al.,** ) | REPORT AND RECOMMENDATION |
|     **Defendants.** ) | |
| _____ ) | |

**TO THE HONORABLE PAUL G. ROSENBLATT:**

This matter is before the Magistrate Judge on referral from the District Judge, and the determination of the Magistrate Judge is dispositive of some of Plaintiff's claims. Accordingly, the following proposed findings of fact, report, and recommendation are made pursuant to Rule 72(b), Federal Rules of Civil Procedure, and 28 U.S.C. § 636(b)(1)(B) and (C). Before the Court is Plaintiff's motion to add/join parties at Docket No. 31.

Plaintiff is incarcerated by the Arizona Department of Corrections. Plaintiff filed a civil rights complaint on November 14, 2007, naming Dora Schriro, the Arizona Department of Corrections ("ADOC"), and members of the ADOC Board of Institutional Protectional Committee as defendants. On January 18, 2008, the Court granted Plaintiff's motion to

proceed *in forma pauperis* and dismissed the complaint with leave to amend.

On February 5, 2008, Plaintiff filed an amended complaint naming Herb Haley and Benny Rollins as defendants and alleging these defendants failed to protect him from attacks by other inmates in 2001 and 2006. At that time Plaintiff was housed in the Special Management Unit of the ADOC Eyman Complex in Florence, Arizona. The amended complaint sought only injunctive relief. Plaintiff also filed a motion seeking a temporary restraining order on March 10, 2008, asking to be placed in protective segregation. See Docket No. 9.

On March 31, 2008, Plaintiff filed a change of address with the Court, indicating he has been moved to the Stiner Unit of the ADOC Lewis facility in Buckeye, Arizona. On April 2, 2008, the Court ordered Defendants Haley and Rollins to answer Count I, the only count, of Plaintiff's amended complaint.

Defendants Haley and Rollins waived service and filed an answer to the amended complaint on June 30, 2008. See Docket No. 15. On July 2, 2008, the Court ordered any motion to add parties or to further amend the complaint be filed by September 5, 2008.

On September 4, 2008, Plaintiff filed a motion [Docket No. 19] for leave to file an amended complaint. Plaintiff did not lodge a proposed amended complaint. Plaintiff asked for leave to amend his complaint to add a "2nd count of failure to protect with deliberate [indifference] a

1  violation of Plaintiffs 8th Amendment Rights." Docket No. 19.
2  Plaintiff also sought to amend his prayer for relief to
3  include a monetary award, i.e., "any and all court fees and
4  cost [incurred]." Id. Plaintiff also sought to amend his
5  complaint to include a prayer for injunctive relief "in form
6  of [permanent] protective [segregation]" to alleviate
7  conditions "that pose any further risk now or in future." Id.
8  In his motion Plaintiff stated the factual and legal predicate
9  for "Count Two," an Eighth Amendment failure-to-protect claim
10 against Defendant Rollins and Haley regarding events occurring
11 on March 25, 2008. Id. Defendants opposed the motion to
12 amend. See Docket No. 21.
13         The Court granted the motion to amend in an order
14 filed October 3, 2008. See Docket No. 22. The Court
15 concluded Plaintiff proposed to amend his complaint to allege
16 causes of action based on an event occurring in 2008.
17 Plaintiff alleged the event occurring in 2008 was the result
18 of Defendants' acts in failing to place Plaintiff in
19 protective segregation in 2007. The Court noted the time for
20 completing discovery in this matter had not passed and that
21 Defendants Haley and Rollins would not be substantially
22 prejudiced by allowing Plaintiff to amend his complaint and
23 that the proposed amendments were not clearly frivolous. The
24 Court's order gave Plaintiff until October 31, 2008, to file a
25 second amended complaint which did not incorporate by
26 reference his prior complaints and which incorporated only
27 those claims and facts included in Plaintiff's proposed
28 amendments in the pleading at Docket No. 19.

Plaintiff filed a second amended complaint on October 20, 2008, naming Herb Haley, Protective Segregation Administrator, Benny Rollins, Deputy Director of Prison Operations, and Dora Schriro, Director of the Arizona Department of Corrections, as Defendants. See Docket No. 27. The Second Amended Complaint alleged violations of Plaintiff's rights at the Lewis Complex-Stiner, and Florence Complex, Central. Plaintiff alleged that, *inter alia*, because Defendants denied his request for protective custody on March 25, 2008, Plaintiff was threatened by other inmates on June 6, 2008.

On October 27, 2008, Plaintiff filed a "motion to add/join parties." See Docket No. 31. Defendants Haley and Rollins filed a response in opposition to this motion on November 4, 2008. See Docket No. 33. Defendants also filed a substitution of defendants, pursuant to Rule 25(d), Federal Rules of Civil Procedure, through their counsel, on November 3, 2008. Additionally, on October 28, 2008, Defendants Haley and Rollins filed a motion for a screening order with regard to the second amended complaint.

On November 25, 2008, the Court screened the Second Amended Complaint and ordered only Defendants Haley and Rollins to answer the claims stated in the Second Amended Complaint. These Defendants answered the Second Amended Complaint on December 24, 2008. Discovery in this matter was to be completed by December 8, 2008. See Docket No. 16. Dispositive motions are to be filed by February 13, 2009. Id.

1        Plaintiff's motion at Docket No. 31 seeks to add Ivan
2   Bartos as a defendant because "Mr. Bartos is now decision
3   maker in my current protection issues..."  Plaintiff believes
4   Mr. Bartos will deny him protective segregation as punishment
5   for Plaintiff bringing this suit.  Plaintiff states that Mr.
6   Bartos is replacing Mr. Rollins as Director of Operations.
7        Defendants assert that Mr. Bartos is not Mr. Rollins'
8   successor at this position, but that Mr. Rollins' successor is
9   James Branch.  Defendants also note that Plaintiff alleges Mr.
10  Bartos may harm Plaintiff in the future, a frivolous claim.
11  Because the claim alleged by Plaintiff as a basis for joining
12  Mr. Bartos as a party to this matter is frivolous, i.e., the
13  allegation of future harm, Plaintiff's motion to add Mr.
14  Bartos as a Defendant should be denied.

16       Accordingly,
17       **IT IS RECOMMENDED that** Plaintiff's motion at Docket
18  No. 31 be **denied**.

20       This recommendation is not an order that is
21  immediately appealable to the Ninth Circuit Court of Appeals.
22  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules
23  of Appellate Procedure, should not be filed until entry of the
24  district court's judgment.
25       Pursuant to Rule 72(b), Federal Rules of Civil
26  Procedure, the parties shall have ten (10) days from the date
27  of service of a copy of this recommendation within which to
28  file specific written objections with the Court.  Thereafter,

-5-

the parties have ten (10) days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length.

Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See <u>United States v. Reyna-Tapia</u>, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

DATED this 6th day of February, 2009.

_____
Mark E. Aspey
United States Magistrate Judge